H. S. VRAA, Respondent, v. ED. McCARROLL, Appellant.

(226 N. W. 623.)

Opinion filed August 15, 1929.

*Nestos, Herigstad & Stenersen,* for appellant.

*Halvor L. Halvorson,* for respondent.

BURKE, Ch. J. The complaint in this action alleges, that on the sixth day of August 1923, an exchange of property was made between the plaintiff and the defendant, in which plaintiff conveyed to defendant lots four and five, block two in Lee and Jacobson's addition to the city of Minot, North Dakota; and the defendant conveyed to the plaintiff a certain secondhand threshing outfit, and in addition thereto, was to pay to the plaintiff the sum of $4771.47; that to induce the plaintiff to accept a certificate of deposit for the sum of $3724.64 and a certificate of deposit for $1046.83 on the Farmers and Merchants State Bank of Sherwood, the defendant entered into a written guaranty by the terms of which he guaranteed that the Farmers and Merchants State Bank of Sherwood would not discontinue doing business prior to the maturity of said certificates, viz., November 10, 1925; that the defendant represented, stated and claimed to the plaintiff that the bank was solvent; that he was familiar with its affairs as president, and one of its directors, and that said certificates of deposit were issued in the usual course of business and for value by the bank; that the plaintiff had confidence in the defendant and believed the statement and relying upon said representation and statement and upon his written guaranty accepted such certificates of deposit in lieu of cash. The defendant at said time, and for a long time previous, knew that the Farmers and Merchants State Bank of Sherwood was insol-

vent, and knew that said bank would not, and could not pay said certificates; that the statements and representations were untrue, and known to be untrue, and were made for the purpose of deceiving plaintiff, and with a view of having plaintiff accept the said certificates in lieu of cash, and on the 21st day of October the Farmers and Merchants State Bank was closed, and said bank is in the hands of the receiver.

There was a verdict for the plaintiff for the sum of $4771.47.

Appellant contends that the action was tried for fraud and deceit and the evidence does not show that the certificates of deposit were of no value. The complaint sets forth a cause of action for fraud and deceit, and also a cause of action on the written contract of guaranty.

The trial court did not require the plaintiff to elect between the tort and the contract, but submitted the case to the jury upon the theory that it was an action for fraud and deceit. The evidence shows a right to recover on the contract of guaranty, but does not show that the certificates of deposit were of no value, that is, we cannot say from the evidence that they were not of some value, and since the jury returned a verdict for the full amount of the certificates of deposit, and since plaintiff may sue for breach of contract or in tort, but not both, we are of the opinion that the case should be remanded for a new trial in which the plaintiff may elect as between the tort and the contract. The cost to abide the result of the action. It is so ordered.

BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.